# Exhibit 2

# Exhibit 2

Daniel J. Wadley (10358)
wadleyd@sec.gov
Thomas M. Melton (4999)
meltont@sec.gov
Cheryl M. Mori (8887)
moric@sec.gov
Paul N. Feindt (8769)
feindtp@sec.gov
Attorneys for Plaintiff
Securities & Exchange Commission
15 West South Temple Street, Suite 1800
Salt Lake City, Utah 84101
Tel. 801-524-5796
Fax: 801-524-5262

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>      **PLAINTIFF,**<br><br>v.<br><br>**AMERICAN PENSION SERVICES, INC., a Utah Corporation and CURTIS L. DeYOUNG, an individual,**<br><br>      **DEFENDANTS.** | **ORDER APPOINTING RECEIVER, FREEZING ASSETS, AND OTHER RELIEF**<br><br>Case No. 2:14-cv-00309<br><br>Judge: Robert J. Shelby |

WHEREAS this matter has come before this Court upon motion of the Plaintiff U.S. Securities and Exchange Commission ("SEC", "Commission" or "Plaintiff") to appoint a receiver in the above-captioned action; and,

WHEREAS the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of American Pensions Services, Inc., together with any

related entities owned, controlled, and/or under common control by or through American

Pensions Services, Inc. including, but not limited to, American Pension 401K Services, Inc., LJP,

LLC, Interim Funding, LLC, First Silverado Properties, LLC, LIC Environmental, and

Quicksilver Management, LLC (collectively, "American Pension Services" and/or "APS"), and

all assets of Curtis L. DeYoung ("DeYoung") (assets of APS and DeYoung, collectively,

"Receivership Assets") as well as the assets of any other entities that: (a) are attributable to funds

derived from investors or clients of the Defendants; (b) are held in constructive trust for the

Defendants; (c) were fraudulently transferred by the Defendants; and/or (d) may otherwise be

includable as assets of the estates of the Defendants (collectively, the "Recoverable Assets");

and,

      **WHEREAS** this Court has subject matter jurisdiction over this action and personal

jurisdiction over the Defendants, and venue properly lies in this district.

      **NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED
THAT:**

      1.     This Court hereby takes exclusive jurisdiction and possession of the assets, of

whatever kind and wherever situated, of American Pension Services, Inc. (as defined herein) and

Curtis L. DeYoung, (collectively, the "Receivership Defendants").

      2.     Until further Order of this Court, Diane Thompson of Ballard Spahr, LLP  is

hereby appointed to serve without bond as receiver (the "Receiver") for the estates of the

Receivership Defendants.

### I. Asset Freeze

      3.     Except as otherwise specified herein, all Receivership Assets and Recoverable

Assets are frozen until further order of this Court.  Accordingly, all persons and entities with

direct or indirect control over any Receivership Assets and/or any Recoverable Assets, including but not limited to the Receivership Defendants, other than the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing such assets. This freeze shall include, but not be limited to, Receivership Assets and/or Recoverable Assets that are on deposit with financial institutions such as banks, brokerage firms and mutual funds.

With regard to American Pension Services accounts, the following provisions shall apply:

A.      Until further order of this Court or expiration of this Order, no withdrawals may be made from American Pension Services accounts, except that the Receiver may continue to make ongoing periodic distribution payments, as deemed necessary by the Receiver, to self-directed plans of APS clients and to other investors who likewise have funds that have been frozen by this Order.

B.      The Receiver may authorize the implementation of clients' instructions as to reallocating assets within an account to new or additional investments, and away from existing investments.

C.      Except as authorized by the Receiver, all American Pension Services employees are hereby removed and enjoined from undertaking any action related to American Pension Services, including but not limited to APS accounts and computer systems.

## II. General Powers and Duties of Receiver

4.      The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the entity Receivership Defendants under applicable state and federal law, by the governing charters, by

3

laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Fed.R.Civ.P. 66.

5.     The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Receivership Defendants are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended. Such persons and entities shall have no authority with respect to the Receivership Defendants' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of the Receivership Defendants and shall pursue and preserve all of their claims.

6.     No person holding or claiming any position of any sort with any of the Receivership Defendants shall possess any authority to act by or on behalf of any of the Receivership Defendants.

7.     Subject to the specific provisions in Sections III through XIV, below, the Receiver shall have the following general powers and duties:

A.     To use reasonable efforts to determine the nature, location and value of all property interests of the Receivership Defendants, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Defendants own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates");

B.     To take custody, control and possession of all Receivership Property and

records relevant thereto from the Receivership Defendants; to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto;

C.    To manage, control, operate and maintain the Receivership Estates and hold in her possession, custody and control all Receivership Property, pending further Order of this Court;

D.    To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging her duties as Receiver;

E.    To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees and agents of the Receivership Defendants;

F.    To engage and employ persons in her discretion to assist her in carrying out her duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers;

G.    To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

H.    The Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

I.    To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging her duties as

Receiver;

J.     To pursue, resist and defend all suits, actions, claims and demands which

may now be pending or which may be brought by or asserted against the Receivership

Estates; and,

K.     To take such other action as may be approved by this Court.

### III. <u>Access to Information</u>

8.     The Receivership Defendants and the past and/or present officers, directors,

agents, managers, general and limited partners, trustees, attorneys, accountants and employees of

the entity Receivership Defendants, as well as those acting in their place, are hereby ordered and

directed to immediately preserve and turn over to the Receiver forthwith all paper and electronic

information of, and/or relating to, the Receivership Defendants and/or all Receivership Property;

such information shall include but not be limited to books, records, documents, accounts and all

other instruments and papers.

9.     The Receivership Defendants shall provide any passwords and execute any

documents required to access any computer or electronic files in any medium, including but not

limited to electronically stored information stored, hosted or otherwise maintained by an

electronic data host.

10.     The Receivership Defendants shall provide any information to the Receiver that

the Receiver deems necessary to exercising the authority and discharging the responsibilities of

the Receiver under this Order, including but not limited to allowing the Receiver to

inspect documents and assets and to partition office space.

11.     Within ten (10) days of the entry of this Order, the Receivership Defendants shall

file with the Court and serve upon the Receiver and the Commission a sworn statement, listing:

(a) the identity, location and estimated value of all Receivership Property; (b) all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of the Receivership Defendants; and, (c) the names, addresses and amounts of claims of all known creditors of the Receivership Defendants.

      12.    Within thirty (30) days of the entry of this Order, the Receivership Defendants shall file with the Court and serve upon the Receiver and the Commission a sworn statement and accounting, in a form attached hereto as Exhibit A, with complete documentation:

      A.    Of all Receivership Property, wherever located, held by or in the name of the Receivership Defendants, or in which any of them, directly or indirectly, has or had any beneficial interest, or over which any of them maintained or maintains and/or exercised or exercises control, including, but not limited to: (a) all securities, investments, funds, real estate, automobiles, jewelry and other assets, stating the location of each; and (b) any and all accounts, including all funds held in such accounts, with any bank, brokerage or other financial institution held by, in the name of, or for the benefit of any of them, directly or indirectly, or over which any of them maintained or maintains and/or exercised or exercises any direct or indirect control, or in which any of them had or has a direct or indirect beneficial interest, including the account statements from each bank, brokerage or other financial institution;

      B.    Identifying every account at every bank, brokerage or other financial institution: (a) over which Receivership Defendants have signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by, the Receivership Defendants;

      C.    Identifying all credit, bank, charge, debit or other deferred payment card issued to or used by each Receivership Defendant, including but not limited to the issuing

institution, the card or account number(s), all persons or entities to which a card was issued and/or with authority to use a card, the balance of each account and/or card as of the most recent billing statement, and all statements for the last twelve months;

D.     Of all assets received by any of them from any person or entity, including the value, location, and disposition of any assets so received;

E.     Of all funds received by the Receivership Defendants, and each of them, in any way related, directly or indirectly, to the conduct alleged in the Commission's Complaint. The submission must clearly identify, among other things, all investors, the securities they purchased, the date and amount of their investments, and the current location of such funds;

F.     Of all expenditures exceeding $1,000 made by any of them, including those made on their behalf by any person or entity; and

G.     Of all transfers of assets made by any of them.

13.     Within thirty (30) days of the entry of this Order, the Receivership Defendants shall provide to the Receiver and the Commission copies of the Receivership Defendants' federal income tax returns for 2005 forward, with all relevant and necessary underlying documentation.

14.     The individual Receivership Defendants and the entity Receivership Defendants' past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Defendants, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Defendants. In the event that the

8

Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

15.     The Receiver may issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and applicable Local Rules, except for the provisions of Fed.R.Civ.P. 26(d)(1), concerning any subject matter within the powers and duties granted by this Order.

16.     The Receiver is granted leave to conduct certain expedited discovery, and commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, expedite discovery as to parties and non-parties as follows:

A.     The Receiver may serve interrogatories for the purpose of discovering: (1) the nature, location, status, and extent of assets of Defendants or their affiliates or subsidiaries; (2) the nature and location of documents and business records of Defendants or their affiliates or subsidiaries; and (3) compliance with this Order. Defendants shall respond within five (5) calendar days after the Receiver serves such interrogatories. Provided that, notwithstanding Federal Rule of Civil Procedure 33(a)(1), this Subsection shall not preclude any future interrogatories by the Receiver.

B.     The Receiver may, upon five (5) calendar days' notice, including through the use of a Rule 45 Subpoena, demand the production of documents from any person or entity, whether or not a Defendant, relating to: (1) the nature, location, status, and extent of assets of Defendants or their affiliates or subsidiaries; (2) the nature and location of documents and business records of Defendants or their affiliates or subsidiaries; and (3)

compliance with this Order. Two (2) calendar days' notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data.

      C.    The Receiver may, upon five (5) calendar days' notice, including through the use of a Rule 45 Subpoena, take the deposition of any person or entity, whether or not a Defendant, relating to: (1) the nature, location, status, and extent of assets of Defendants or their affiliates or subsidiaries; (2) the nature and location of documents and business records of Defendants or their affiliates or subsidiaries; and (3) compliance with this Order. Provided that, notwithstanding Federal Rule of Civil Procedure 30(d)(1), such depositions under this Subsection shall not count towards the limit of seven hours or one day for the deposition of any witness, and provided further that such depositions under this Subsection shall neither be subject to, nor count towards, the limitations on depositions set out in Federal Rule of Civil Procedure 30(a)(2)(A).

      D.    The Receiver is granted leave to subpoena documents immediately from any financial institution, account custodian, or other entity or person that holds, controls, or maintains custody of any account or asset of any Defendant, or has held, controlled or maintained custody of any account or asset of any Defendant concerning the nature, location, status, and extent of Defendants' assets, and compliance with this Order, and such financial institution, account custodian or other entity shall respond to such subpoena within five (5) business days after service.

      E.    For purposes of discovery upon a Defendant pursuant to this Section, service shall be sufficient if made by facsimile, email, or by overnight courier.

17.    The Receivership Defendants are required to assist the Receiver in fulfilling her

duties and obligations. As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

### IV. Access to Books, Records and Accounts

18.     The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Receivership Defendants. All persons and entities having control, custody or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

19.     The Receivership Defendants, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Defendants, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business, books, records, accounts or assets of the Receivership Defendants are hereby directed to deliver the same to the Receiver, her agents and/or employees.

20.     All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of the Receivership Defendants that receive actual notice of this Order by personal service, facsimile transmission or otherwise shall:

        A.     Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendants except upon instructions from the Receiver;

        B.     Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

C.     Within five (5) business days of receipt of that notice, file with the Court

and serve on the Receiver and counsel for the Commission a certified statement setting

forth, with respect to each such account or other asset, the balance in the account or

description of the assets as of the close of business on the date of receipt of the notice;

and,

D.     Cooperate expeditiously in providing information and transferring funds,

assets and accounts to the Receiver or at the direction of the Receiver.

## V.  Access to Real and Personal Property

21.     The Receiver is authorized to take immediate possession of all personal property

of the Receivership Defendants, wherever located, including but not limited to electronically

stored information, computers, laptops, hard drives, external storage drives, and any other such

memory, media or electronic storage devices, books, papers, data processing records, evidence of

indebtedness, bank records and accounts, savings records and accounts, brokerage records and

accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments,

contracts, mortgages, furniture, office supplies and equipment.

22.     The Receiver is authorized to take immediate possession of all real property of the

Receivership Defendants, wherever located, including but not limited to all ownership and

leasehold interests and fixtures at 4168 W. 12600 S. Suite 300 Riverton, UT 84096 (the

"Premises"). Upon receiving actual notice of this Order by personal service, facsimile

transmission or otherwise, all persons other than law enforcement officials acting within the

course and scope of their official duties, are (without the express written permission of the

Receiver) prohibited from: (a) entering such premises; (b) removing anything from such

premises; or, (c) destroying, concealing or erasing anything on such premises.

23.     The Receiver is authorized to take all steps necessary to secure the business

premises of Defendants. Such steps may include, but are not limited to, the following, as the

Receiver deems necessary or advisable:

      A.    Completing a written inventory of all assets of the Defendants;

      B.    Obtaining pertinent information from all employees and other agents of

Defendants, including, but not limited to, the name, home address, social security

number, job description, method of compensation, and all accrued and unpaid

commissions and compensation of each such employee or agent, and all computer

hardware and software passwords;

      C.    Videotaping all portions of the location;

      D.    Disconnecting any computer modems or other means of access to the

computer or other records maintained at that location for such time as is necessary to

secure copies of such records;

      E.    Requiring any persons present on the premises at the time this Order is

served to leave the premises, to provide the Receiver with proof of identification, or to

demonstrate to the satisfaction of the Receiver that such persons are not removing from

the premises documents or assets; and

      F.    Requiring all employees, independent contractors, and consultants of

Defendants to complete a questionnaire submitted by the Receiver.

    24.    In order to execute the express and implied terms of this Order, the Receiver is

authorized to change door locks to the Premises described above. The Receiver shall have

immediate access to and exclusive control of the keys to the Premises, including any vaults,

safes, safety deposit boxes and/or storage facilities. The Receivership Defendants, or any other

person acting or purporting to act on their behalf, are ordered not to change the locks to any of

the Premises, vaults, safes, safety deposit boxes and/or storage facilities in any manner, nor to

have duplicate keys made, nor shall they have keys to the Premises in their possession during the

term of the receivership.

     25.     The Receiver is authorized to open all mail directed to or received by or at the

offices or post office boxes of the Receivership Defendants, and to inspect all mail opened prior

to the entry of this Order, to determine whether items or information therein fall within the

mandates of this Order.

     26.     Upon the request of the Receiver, the United States Marshal Service, in any

judicial district, is hereby ordered to assist the Receiver in carrying out her duties to take

possession, custody and control of, or identify the location of, any assets, records or other

materials belonging to the Receivership Estate.

### VI. <u>Notice to Third Parties</u>

     27.     The Receiver shall promptly give notice of her appointment to all known officers,

directors, agents, employees, shareholders, creditors, debtors, managers and general and limited

partners of the Receivership Defendants, as the Receiver deems necessary or advisable to

effectuate the operation of the receivership.

     28.     All persons and entities owing any obligation, debt, or distribution with respect to

an ownership interest to any Receivership Defendant shall, until further ordered by this Court,

pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for

such payments shall have the same force and effect as if the Receivership Defendant had

received such payment.

     29.     In furtherance of her responsibilities in this matter, the Receiver is authorized to

communicate with, and/or serve this Order upon, any person, entity or government office that

she deems appropriate to inform them of the status of this matter and/or the financial condition of

the Receivership Estates.  All government offices which maintain public files of security

interests in real and personal property shall, consistent with such office's applicable procedures,

record this Order upon the request of the Receiver or the SEC.

     30.     The Receiver is authorized to instruct the United States Postmaster to hold and/or

reroute mail which is related, directly or indirectly, to the business, operations or activities of any

of the Receivership Defendants (the "Receiver's Mail"), including all mail addressed to, or for

the benefit of, the Receivership Defendants. The Postmaster shall not comply with, and shall

immediately report to the Receiver, any change of address or other instruction given by anyone

other than the Receiver concerning the Receiver's Mail. The Receivership Defendants shall not

open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when

received, to the Receiver.  All personal mail of any individual Receivership Defendants, and/or

any mail appearing to contain privileged information, and/or any mail not falling within the

mandate of the Receiver, shall be released to the named addressee by the Receiver.  The

foregoing instructions shall apply to any proprietor, whether individual or entity, of any private

mail box, depository, business or service, or mail courier or delivery service, hired, rented or

used by the Receivership Defendants. The Receivership Defendants shall not open a new

mailbox, or take any steps or make any arrangements to receive mail in contravention of this

Order, whether through the U.S. mail, a private mail depository or courier service.

     31.     Subject to payment for services provided, any entity furnishing water, electric,

telephone, sewage, garbage or trash removal services to the Receivership Defendants shall

maintain such service and transfer any such accounts to the Receiver unless instructed to the

contrary by the Receiver.

32.     The Receiver is authorized to assert, prosecute and/or negotiate any claim under any insurance policy held by or issued on behalf of the Receivership Defendants, or their officers, directors, agents, employees or trustees, and to take any and all appropriate steps in connection with such policies.

## VII. Injunction Against Interference with Receiver

33.     The Receivership Defendants and all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

A.      Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

B.      Hinder, obstruct or otherwise interfere with the Receiver in the performance of her duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;

C.      Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property, enforcing judgments, assessments or claims against any Receivership Property or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke

or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security

agreement or other agreement executed by any Receivership Defendant or which

otherwise affects any Receivership Property; or,

        D.     Interfere with or harass the Receiver, or interfere in any manner with the

exclusive jurisdiction of this Court over the Receivership Estates.

34.     The Receivership Defendants shall cooperate with and assist the Receiver in the

performance of her duties.

35.     The Receiver shall promptly notify the Court and SEC counsel of any failure or

apparent failure of any person or entity to comply in any way with the terms of this Order.

### VIII. Stay of Litigation

36.     As set forth in detail below, the following proceedings, excluding the instant

proceeding and all police or regulatory actions and actions of the Commission related to the

above-captioned enforcement action, are stayed until further Order of this Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy
> proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other
> actions of any nature involving: (a) the Receiver, in her capacity as Receiver; (b) any
> Receivership Property, wherever located; (c) any of the Receivership Defendants,
> including subsidiaries and partnerships; and including accounts under their management,
> and/or, (d) any of the Receivership Defendants' past or present officers, directors,
> managers, agents, or general or limited partners sued for, or in connection with, any
> action taken by them while acting in such capacity of any nature, whether as plaintiff,
> defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are
> hereinafter referred to as "Ancillary Proceedings").

37.     The parties to any and all Ancillary Proceedings are enjoined from commencing

or continuing any such legal proceeding, or from taking any action, in connection with any such

proceeding, including, but not limited to, the issuance or employment of process.

38.     All Ancillary Proceedings are stayed in their entirety, and all Courts having any

jurisdiction thereof are enjoined from taking or permitting any action until further Order of this

Court.  Further, as to a cause of action accrued or accruing in favor of one or more of the

Receivership Defendants against a third person or party, any applicable statute of limitation is

tolled during the period in which this injunction against commencement of legal proceedings is

in effect as to that cause of action.

## IX. Managing Assets

39.     For each of the Receivership Estates, the Receiver shall establish one or more

custodial accounts at a federally insured bank to receive and hold all cash equivalent

Receivership Property (the "Receivership Funds").

40.     The Receiver's deposit account shall be entitled "Receiver's Account, Estate of

American Pension Services" together with the name of the action.

41.     The Receiver may, without further Order of this Court, transfer, compromise, or

otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of

business, on terms and in the manner the Receiver deems most beneficial to the Receivership

Estate, and with due regard to the realization of the true and proper value of such Receivership

Property.

42.     Subject to Paragraph 39, immediately below, the Receiver is authorized to locate,

list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all

necessary and reasonable actions to cause the sale or lease of all real property in the Receivership

Estates, either at public or private sale, on terms and in the manner the Receiver deems most

beneficial to the Receivership Estate, and with due regard to the realization of the true and proper

value of such real property.

43.     Upon further Order of this Court, pursuant to such procedures as may be required

by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be

authorized to sell, and transfer clear title to, all real property in the Receivership Estates.

44. The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estates, including making legally required payments to creditors, employees, and agents of the Receivership Estates and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

45. The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations, when applicable, whether proposed, temporary or final, or pronouncements thereunder, including the filing of the elections and statements contemplated by those provisions. The Receiver shall be designated the administrator of the Settlement Fund, pursuant to Treas. Reg. § 1.468B-2(k)(3)(i), and shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2, including but not limited to (a) obtaining a taxpayer identification number, (b) timely filing applicable federal, state, and local tax returns and paying taxes reported thereon, and (c) satisfying any information, reporting or withholding requirements imposed on distributions from the Settlement Fund. The Receiver shall cause the Settlement Fund to pay taxes in a manner consistent with treatment of the Settlement Fund as a "Qualified Settlement Fund." The Receivership Defendants shall cooperate with the Receiver in fulfilling the Settlement Funds' obligations under Treas. Reg. § 1.468B-2.

## X. Investigate and Prosecute Claims

46. Subject to the requirement, in Section VII above, that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in

her discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or

conserve Receivership Property.

47.     Subject to her obligation to expend receivership funds in a reasonable and cost-

effective manner, the Receiver is authorized, empowered and directed to investigate the manner

in which the financial and business affairs of the Receivership Defendants were conducted and

(after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit

and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the

Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts,

disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and

restitution, collection of debts, and such other relief from this Court as may be necessary to

enforce this Order.  Where appropriate, the Receiver should provide prior notice to Counsel for

the Commission before commencing investigations and/or actions.

48.     The Receiver hereby holds, and is therefore empowered to waive, all privileges,

including the attorney-client privilege, held by all entity Receivership Defendants.

49.     The Receiver has a continuing duty to ensure that there are no conflicts of interest

between the Receiver, her Retained Personnel (as that term is defined below), and the

Receivership Estate.

## XI. Bankruptcy Filing

50.     The Receiver may seek authorization of this Court to file voluntary petitions for

relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership

Defendants.  If a Receivership Defendant is placed in bankruptcy proceedings, the Receiver may

become, and may be empowered to operate each of the Receivership Estates as, a debtor in

possession.  In such a situation, the Receiver shall have all of the powers and duties as provided a

debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant to Paragraph 4 above, the Receiver is vested with management authority for all entity Receivership Defendants and may therefore file and manage a Chapter 11 petition.

51.    The provisions of Section VIII above bar any person or entity, other than the Receiver, from placing any of the Receivership Defendants in bankruptcy proceedings.

## XII. Liability of Receiver

52.    Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with her fiduciary obligations in this matter.

53.    The Receiver and her agents, acting within scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

54.    This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

55.    In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

## XIII. Recommendations and Reports

56.    The Receiver is authorized, empowered and directed to develop a plan for the fair,

reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Liquidation Plan").

57.     Within ninety (90) days of the entry date of this Order, the Receiver shall file the Liquidation Plan in the above-captioned action, with service copies to counsel of record.

58.     Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates.

59.     The Quarterly Status Report shall contain the following:

    A.      A summary of the operations of the Receiver;

    B.      The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

    C.      A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

    D.      A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

    E.      A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing

such claims (including likelihood of success in: (i) reducing the claims to judgment; and,
(ii) collecting such judgments);

F.      A list of all known creditors with their addresses and the amounts of their
claims;

G.      The status of Creditor Claims Proceedings, after such proceedings have
been commenced; and,

H.      The Receiver's recommendations for a continuation or discontinuation of
the receivership and the reasons for the recommendations.

60.     On the request of the Commission, the Receiver shall provide the Commission
with any documentation that the Commission deems necessary to meet its reporting
requirements, that is mandated by statute or Congress, or that is otherwise necessary to further
the Commission's mission.

## XIV.  Fees, Expenses and Accountings

61.     Subject to Paragraphs 62 – 68 immediately below, the Receiver need not obtain
Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary
course of the administration and operation of the receivership.  Further, prior Court approval is
not required for payments of applicable federal, state or local taxes.

62.     Subject to Paragraph 63 immediately below, the Receiver is authorized to solicit
persons and entities ("Retained Personnel") to assist her in carrying out the duties and
responsibilities described in this Order.  The Receiver shall not engage any Retained Personnel
without first obtaining an Order of the Court authorizing such engagement.  The Receiver is
authorized to retain Ballard Spahr LLP, a firm in which the Receiver is a partner, Piercy, Bowler,
Taylor & Kern, as accountants to the Receiver, and Precision Discovery, Inc. as the computer

forensics firm.

63.    The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver.  Such compensation shall require the prior approval of the Court.

64.    Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications").  At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

65.    All Quarterly Fee Applications will be interim and will be subject to cost benefit and final review at the close of the receivership.  At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

66.    Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court.  The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

67.    Each Quarterly Fee Application shall:

A.    Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

B.    Contain representations (in addition to the Certification required by the

Billing Instructions) that: (i) the fees and expenses included therein were incurred in the

best interests of the Receivership Estate; and, (ii) with the exception of the Billing

Instructions, the Receiver has not entered into any agreement, written or oral, express or

implied, with any person or entity concerning the amount of compensation paid or to be

paid from the Receivership Estate, or any sharing thereof.

68.    At the close of the Receivership, the Receiver shall submit a Final Accounting, in

a format to be provided by SEC staff, as well as the Receiver's final application for

compensation and expense reimbursement.

IT IS SO ORDERED, this 24<u>th</u> day of <u>April</u>, 2014, at <u>5:20 p.m.</u> , at Salt Lake City, Utah.

BY THE COURT

Honorable Robert J. Shelby
United States District Court

I hereby certify that the annexed is a true and correct
copy of a document or an electronic docket entry on
file at the United States District court for the District
of Utah.
# of pages 38
Date: 4/25/14
D. MARK JONES, Clerk
By:
Deputy Clerk

25

United States District Court
for the
District of Utah
April 24, 2014

******MAILING CERTIFICATE OF THE CLERK******

RE:   **SEALED**
       2:14cv309 RJS

Daniel J. Wadley
SECURITIES AND EXCHANGE COMMISSION (UT)
15 W SO TEMPLE STE 1800
SALT LAKE CITY, UT 84101

---

Aimee Trujillo,

# Exhibit A

AMERICAN PENSION SERVICES RECEIVERSHIP

STATEMENT OF FINANCIAL CONDITION OF

_____

**I. Statement of Assets and Liabilities as of** _____:

**A.    Assets:**

List all assets owned by you, your spouse, or any other member of your household, directly or indirectly, and all assets which are subject to your or your spouse's possession, enjoyment, or control, regardless of whether legal title or ownership is held by a relative, trustee, lessor, or any other intermediary, including but not limited to the categories indicated below.

| | | |
|---|---|---|
| 1. | Cash | _____ |
| 2. | Cash Surrender Value of Insurance | _____ |
| 3. | Accounts Receivable | _____ |
| 4. | Loans or Notes Receivable | _____ |
| 5. | Real Estate | _____ |
| 6. | Furniture and Household Goods | _____ |
| 7. | Automobiles | _____ |
| 8. | Securities | _____ |
| 9. | Partnership Interests | _____ |
| 10. | Net Value of Ownership Interest in Business | _____ |
| 11. | Individual Retirement Accounts (IRAs) | _____ |
| 12. | Keogh Accounts or Plans | _____ |
| 13. | 401(k) Accounts or Plans | _____ |
| 14. | Other Pension Assets | _____ |

15.   Annuities                                    _____

16.   Prepaid Expenses or Liabilities             _____

17.   Credit Balances on Credit Cards             _____

18.                                               _____

19.                                               _____

20.   Other (Itemize)                             _____

**Total Assets:**        _____

**B.     Liabilities:**

List all liabilities, including but not limited to the items listed below.

1.      Mortgages                                                    _____

2.      Auto Loans                                                  _____

3.      Credit Card Debt                                         _____

4.      Loans on Insurance Policies                        _____

5.      Installment Loans                                        _____

6.      Other Loans or Notes Payable                     _____

7.      Accrued Real Estate Taxes                          _____

8.      Judgments/Settlements Owed                       _____

9.                                                                        _____

10.                                                                      _____

11.     Other (Itemize):                                         _____


   **Total Liabilities**                                           _____


**C.     Net Worth (Assets Minus Liabilities)**        _____

D.   For each asset with a fair market value of greater than $1000, describe the asset, state the form of ownership ( e.g., individual, joint, beneficial interest), provide a fair market value and explain how fair market value was determined (e.g., appraisal, comparison, estimate, etc.).

E.   For each liability, indicate the date incurred; the original amount of the liability; the length of the obligation; the interest rate, the collateral or security; if any, who is responsible for the obligation; the outstanding balance; the name(s) and address(es) of all obligee(s); and your relationship (if any) to each creditor.

F.   List all securities or commodities brokerage accounts and accounts at banks or other financial institutions in your name; under your control; in which you have or had a beneficial interest; or to which you are or were a signatory since April 2009 For each account, specify the location of the account, account number and balance in cash or securities.

G.    List any 401(k) plans, pension plans, Keogh plans, individual retirement accounts, profit sharing plans, thrift plans, life insurance policies or annuities, in which you have an interest, vested or otherwise. For each account or plan, specify the account name, the location of the account, account number and balance, and the terms of withdrawal or loan options.

H.    List all credit cards or lines of credit in your name or to which you are a signatory, including the name of the credit issuer, account number, credit limit, and amount of indebtedness.

## II. Cash Flow Information

### A.      Income/Receipts

List all money or other income received from any source on a monthly basis by you, your spouse, or any other member of your household, identifying the source, recipient, and amount. For any income received on a basis other than monthly, convert to a monthly basis for the purposes of this statement.

| | Description | Source | Amount |
|---|---|---|---|
| 1. | Salary/Wages | _____ | _____ |
| 2. | Commissions/Advances | _____ | _____ |
| 3. | Consulting Fees | _____ | _____ |
| 4. | Dividends | _____ | _____ |
| 5. | Interest | _____ | _____ |
| 6. | Annuities | _____ | _____ |
| 7. | Pensions | _____ | _____ |
| 8. | Rents/Royalties | _____ | _____ |
| 9. | Sales of Assets (Net) | _____ | _____ |
| 10. | Repayment of Loans | _____ | _____ |
| 11. | Payments on obligations made on your behalf by others | _____ | _____ |
| 12. | Fringe Benefits (e.g., car) | _____ | _____ |
| 13. | Alimony/Child Support | _____ | _____ |
| 14. | Gifts/Bonuses | _____ | _____ |
| 15. | | _____ | _____ |
| 16. | Other (Itemize) | _____ | _____ |
| | **Total Receipts** | | _____ |

33

**B.**     **Expenses/Disbursements**

List all monthly expenditures for whatever purpose for you or your household for the past 12 months, identifying the purpose and the amount, including projected expenses. For any expenditure which varies from month to month, indicate a range of amounts and the average amount on a monthly basis.

| Description | Amount |
|---|---|
| 1.  Mortgage/Rent | _____ |
| 2..  Food | _____ |
| 3.  Utilities | _____ |
| 4.  Payment on Loans | _____ |
| 5.  Real Estate Taxes | _____ |
| 6.  Insurance Premiums | _____ |
| 7.  Medical Expenses | _____ |
| 8.  Automobile Expenses | _____ |
| 9.  Alimony/Child Support | _____ |
| 10.  Income Taxes | _____ |
| 11. | _____ |
| 12. | _____ |
| 13. | _____ |
| 14. | _____ |
| 15.  Other Expenses (Itemize) | _____ |

**Total Expenses/Disbursements**          _____ *

*If you anticipate unusual expenses in the coming 12 months, please describe them.

III. Other Information

A.    List any disbursement having a value of $1000 or more, made on your behalf, or on behalf of your spouse or children, by any other person or entity since April 2009, the amount of the disbursement, and the name and address of the person or entity who made the disbursement.

B.    List all transfers of cash in an amount of $1000 or more, or assets or property with a cost or fair market value of $1000 or more, made by you since April 2009, and, if applicable, identify the value of the asset, the consideration received, and the relationship of the transferror to the transferee, or indicate that no such transfers have been made.

C.  Identify any financial institution accounts (other than those identified in Item I.F. above) in which you have deposited more than $1000 since April 2009, or indicate that no such deposits have been made.

D.  List all dependents, the ages, and whether or not they reside with you.

E.  Attach federal income tax returns filed by you or on your behalf (including personal, trust, or business returns) during the years 2005 through 2013.

F.  Attach any federal gift tax returns filed by you or your spouse during the years 2005 through 2013.

G.  Attach any financial statement which the declarant has prepared during the years 2009 through 2013 for any purpose (e.g., such as a financial statement provided to a bank to secure a loan).

H.  Attach copies of documents evidencing all outstanding loans for which you or your spouse is either a lender or borrower.

I.  Attach copies of all securities, commodities, bank, or other financial institution account statements for the past 12 months in your or your spouse's name, under your or your spouse's control, or in which you or your spouse has a beneficial interest.

Under penalties of perjury, I declare that I have examined the information given in this statement, and attached hereto, and, to the best of my knowledge and belief, it is true, correct, and complete. I further declare that I have no assets, owned either directly or indirectly, or income of any nature other than as shown in, or attached to, this statement. I understand that any material misstatements or omissions made by me herein or in any attachments hereto may constitute criminal violations, punishable under 18 U.S.C. 1001.

_____     _____

Name                                                          Date

Sworn before me this _____ day of _____, _____.

_____

Notary Public